# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JOHN AGUILAR, #169244,

             Petitioner,

-v-

CARMEN PALMER,

             Respondent.

No. 1:17-cv-735

Honorable Paul L. Maloney

## ORDER ADOPTING REPORT AND RECOMMENDATION

John Aguilar filed a petition for habeas relief under 28 U.S.C. § 2254. The magistrate judge issued a report recommending the petition be denied. (ECF No. 13.) Aguilar filed objections. (ECF No. 18.)

### A.

After being served with a report and recommendation (**R&R**) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72."

*Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

## B. Assessment of Costs

The magistrate judge concluded that the state trial court's assessment of court costs was not an issue or claim that could be reviewed by the federal courts as part of a § 2254 petition. Aguilar objects (¶ 1), referring the court to the law cited in his brief. The objection is overruled. Aguilar has not specifically identified the alleged error in the report and recommendation. Simply disagreeing with the recommendation is not a proper objection.

## C. Pretrial Publicity

The magistrate judge concluded that Aguilar had not established prejudice from the pretrial publicity which would have required a change of venue. Aguilar objects (¶¶ 2-8.) The objection is overruled. The magistrate judge accurately summarized the record regarding jury selection and the litigation of this issue. Contrary to Aguilar's assertion, federal law does not require the presumption of prejudice under the circumstances of his trial. *See Murphy v. Florida*, 421 U.S. 794, 798-799 (1975) (holding that precedent does not require "that juror exposure to information about a state defendant's prior convictions or to news accounts of the crime with which he is charged alone presumptively deprives the defendant of due process."). Aguilar does not dispute the factual findings in the report and recommendation: all of the jurors who hinted at bias were removed by the trial court; almost all of the jurors who admitted that they had some knowledge of the case through the media were excused by counsel; and the only juror who deliberated who admitted some knowledge

of the case also stated that he would base is decision entirely on the evidence produced in court.

### D.  Ineffective Assistance of Counsel

Under this third issue, Aguilar raised three separate claims.  The magistrate judge discussed each claim in detail, summarizing the relevant testimony at trial, outlining the applicable law, and then applying the law to the facts.  The magistrate judge concluded that Aguilar failed to establish a meritorious claim for habeas relief for each of the three issues.  Aguilar objects (¶¶ 9-13.)  The objection is overruled.  Aguilar's objection does not identify any factual finding in the report and recommendation that is contradicted by the record.  Aguilar's citation to cases involving claims similar to those he raised does not establish that the state trial or appellate court applied a rule that was different than that held by the United States Supreme Court.  And, Aguilar has not specifically explained why the magistrate's conclusions are contrary to federal law.

For these reasons, the Report and Recommendation (ECF No. 13) is **ADOPTED** as the Opinion of this Court. John Aguilar's petition for habeas relief is **DENIED.**

The Court has reviewed the record for the purpose of determining whether to issue a certificate of appealability. Noting the summary of the relevant law provided in the Report and Recommendation, the Court agrees with the magistrate judge that reasonable jurists would not disagree with the decision here. Accordingly, a certificate of appealability is **DENIED. IT IS SO ORDERED.**

Date:  October 23, 2019               /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      United States District Judge